**Alan DEVON, Plaintiff—Appellant,**

v.

**Ernest C. ROE, Warden, Defendant—Appellee.**

**No. 03–55902.**

**D.C. No. CV–02–06286–TJH.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 13, 2003.

Alan Devon, pro se, Lancaster, CA, for Plaintiff–Appellant.

Robert F. Helfand, AGCA–Office of the California Attorney General, Los Angeles, CA, for Defendant–Appellee.

Before KOZINSKI, SILVERMAN and TALLMAN, Circuit Judges.

### MEMORANDUM**

California state prisoner Alan Devon appeals pro se the district court's judgment

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

dismissing his 42 U.S.C. § 1983 action alleging that prison officials violated his First, Sixth, Fifth, Fourteenth and Eighth Amendment rights by losing his legal materials. We review de novo dismissals pursuant to Fed.R.Civ.P. 12(b)(6). *Johnson v. State of California,* 207 F.3d 650, 653 (9th Cir.2000) (per curiam). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Devon's claim that the loss of his legal materials violated his First Amendment right of access to the courts fails because he was able to file his writs and thus cannot show an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 349, 354, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *see also Cornett v. Donovan,* 51 F.3d 894, 899 (9th Cir.1995) (stating that once habeas petition reaches the court the right of access is satisfied). Devon's Sixth Amendment claim that defendants violated his right to counsel lacks merit because the Sixth Amendment only applies in criminal trial proceedings. *See Martinez v. Court of Appeal,* 528 U.S. 152, 160–61, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000).

Devon's Fifth and Fourteenth Amendment due process claims fail because a prison official's negligent deprivation of property fails to state a claim under section 1983 when adequate post-deprivation remedies are available. *See Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir.1994) (per curiam); *Raditch v. U.S.,* 929 F.2d 478, 481 (9th Cir.1991).

Devon's Eighth Amendment claim fails because he did not allege that he faced a substantial risk of harm to which the defendants were deliberately indifferent.

*See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

**AFFIRMED.**

** This disposition is not appropriate for publi-